UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| IN RE: | ) | |
|---|---|---|
| STAN W. MOREHEAD | ) | CHAPTER 7 CASE N0. 20-10973 |
| JUDY K. MOREHEAD, | ) | |
| DEBTORS. | ) | |

| JUDY K. MOREHEAD, | ) | |
|---|---|---|
| PLAINTIFF, | ) | |
| VS. | ) | ADVERSARY PRO. NO. 23-_____ |
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF EDUCATION, | ) | |
| DEFENDANT. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN(S) PURSUANT TO 11 U.S.C. §523(a)(8)

COME NOW the Debtor, JUDY K. MOREHEAD, as Plaintiff, by and through her undersigned attorney, and files the instant Complaint to Determine Dischargeability of Student Loans Pursuant to 11 U.S.C. §523(a)(8) based upon the following, to-wit:

### INTRODUCTION

1. Debtors, Stan W. Morehead and Judy K. Morehead, are Alabama residents that filed their joint Petition under Chapter 7 of the Bankruptcy Code on July 29, 2020, (the "Petition date").

2. Certain unsecured debts listed on Schedule F of Debtors' petition are averred to be Judy K. Morehead's obligations to repay funds she received as and for educational benefits, specifically at least two (2) loans by the United States Department of

Education (hereinafter "USDE"), in the aggregate amount of approximately $112,500.00. Upon information and belief the co-Debtor, Stan W. Morehead, is not obligated on these specific student loans of Judy K. Morehead.

3. Upon information and belief, the USDE is a governmental unit as described in 11 U.S.C. §523(a)(8)(A)(I). To that end, Plaintiff has named the United States of America as a Defendant to invoke jurisdiction on this duly named defendant.

4. This is a Complaint filed by Judy K. Morehead to discharge said student loans in that repayment of these obligations would impose an undue hardship on her and her dependent. Helman Ins. Corp. of Am. v. Cox (In re Cox), 338 F.3d 1238 (11th Cir. 2003).

## JURISDICTION & VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 as it arises in and is related to the above-styled Chapter 7 bankruptcy case.

6. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(I).

7. The Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 157, 151 and 1334; and, 11 U.S.C. §' 105 and 523(a)(8), as well as Fed. R. Bankr. Proc. 7001.

8. Venue is proper pursuant to 28 U.S.C. §1409 to the extent that this is an action arising in or related to a proceeding arising under Title 11 of the United States Code which is pending in this District.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates the allegations contained in paragraphs 1 B 9 *supra* herein by reference.

10. Plaintiff, Judy K. Morehead, incurred student loans for educational benefits with two (2) being taken out in August of 2009; two (2) taken out in August of 2010, and one (1) taken out in August of 2011. To that end, she received a Masters Degree in Finance from Troy University in 2011.

11. In May of 2017 the Plaintiff was arrested and charged with a crime or crimes involving alleged sale of securities or the solicitation of funds for investment purposes without proper licensing. In addition, the Plaintiff's husband and son were also charged. Although the Plaintiff denied any criminal culpability for reasons that will be made known to the Court if necessary, but based significantly upon an agreement for charges against her husband and son to be dismissed, she elected to enter a plea of guilty to one (1) charge. Her associated criminal conviction has resulted in termination of employment, and has greatly restricted, and negatively affected, her ability to obtain gainful employment. In addition, the Plaintiff was ordered to pay restitution which is and remains a nondischargeable obligation.

12. At the time of filing of her Chapter 7 Petition the Plaintiff's and her husband's income and expenses, as reflected in Schedules I and J, resulted in a very, very nominal excess; and since filing of their Petition the Plaintiff and her husband have incurred or undertaken the following expenses/repayments, to-wit:

   a. The Plaintiff is presently paying $170.00 per month for Medicare;

   b. The Plaintiff's husband is now paying his student loans at the rate of $215.88 per month;

   c. Based upon a 2018 income tax liability and a subsequent audit by the Internal Revenue Service (IRS) in 2021 involving the 2015, 2016 and 2017 tax years,

WHEREFORE, in consideration of the premises, the Debtor/Plaintiff prays the Court will grant an Order declaring the student loan debts of the Plaintiff to be dischargeable in the primary Chapter 7 case, and for such other and further relief as this Honorable Court deems just.

Respectfully submitted this __15__ day of December, 2023.

*Judy K. Morehead*
Judy K. Morehead, Plaintiff/Debtor

THE ESPY FIRM

*C.H. Espy*
C.H. Espy, Jr. (ASB-9696-S78C)
Attorney for Debtor/Plaintiff
Post Office Drawer 6504
Dothan, Alabama 36302-6504
Tel.: (334) 793-6288
Fax: (334) 712-1617
Email: kc@espyfirm.com